■ COMMUNITY SAVINGS BANK, as Successor by Merger to JEFFERSON COUNTY SAVINGS BANK, Respondent-Appellant, v ROBERT B. SHAAD, Appellant-Respondent, et al., Defendants. — Judgment unanimously modified, and, as modified, affirmed, without costs and matter remitted to Supreme Court, Jefferson County, and the referee for further proceedings in accordance with the following memorandum: The judgment of foreclosure was properly entered in behalf of plaintiff. Defendant's argument that plaintiff was not entitled to judgment because it

improperly refused to assign the mortgage to a third party is without merit. In order for defendant to be entitled to an assignment of the mortgage in lieu of a certificate of discharge, it was incumbent upon him to demand such assignment and tender the full amount of the principal and interest due on the mortgage (Real Property Law, § 275; see *Matter of Rosenfeld v Savings Bank,* 173 Misc 667, affd 259 App Div 1025; *Albany Sav. Bank v Fairchild,* 276 App Div 297). If he had complied with those requirements, he could then have asserted his right to assignment as an affirmative defense in his answer to plaintiff's motion for summary judgment. The record is devoid of proof that such demand and tender was made by defendant. To the contrary, the record establishes that defendant was attempting to refinance his mortgage with plaintiff even after plaintiff's motion for summary judgment was granted. With respect to the charges assessed against defendant for vacancy insurance premiums paid by plaintiff during the pendency of the action, defendant paid them under protest because he disputes the reasonableness of those charges. Inasmuch as he was not given notice and an opportunity to be heard at the referee's hearing, a rehearing is required in order to determine the propriety of those charges.

It is unclear why plaintiff's request for attorney's fees was denied. The mortgage clearly provides that the mortgagee is entitled to reasonable attorney's fees, costs and disbursements resulting from a foreclosure action. Inasmuch as plaintiff requested a lump sum without enumerating the services rendered, a hearing should be held to determine the reasonable value of legal services rendered to plaintiff in this action. (Appeals from judgment of Supreme Court, Jefferson County, Tenney, J. — mortgage foreclosure.) Present — Hancock, Jr., J. P., Denman, Green, O'Donnell and Schnepp, JJ.