■ SUZANNE POTTS et al., Individually and as Copartners Practicing Under the Name of DIVING DISCOVERY SCUBA CENTER, Respondents, v EDWARD HINES et al., Defendants. ANDREW F. CAPOCCIA et al., Appellants.—Mahoney, P. J. Appeal (1) from an order of the Supreme Court (Mercure, J.), entered August 21, 1987 in Warren County, which directed plaintiffs' former attorney to return to plaintiffs a retainer, and (2) from a judgment entered thereon.

Plaintiffs hired Andrew F. Capoccia and Andrew F. Capoccia, P. C., to represent them in the underlying action and paid $5,000 pursuant to a retainer agreement. Joseph Cardamone, an associate of Capoccia,* handled plaintiffs' file. After this court suspended Capoccia for conduct unrelated to this case (see, Matter of Capoccia, 107 AD2d 888, lv denied 64 NY2d 606), plaintiffs requested that Capoccia and Cardamone return their file, submit a bill for services and refund the balance of the $5,000 retainer. Plaintiffs never received any response. Capoccia moved for permission to withdraw as counsel, which Supreme Court granted without prejudice to an application to determine his fee. After securing new counsel, plaintiffs moved to set the fee (22 NYCRR 806.9 [b]) and to have Capoccia produce their file. Supreme Court ordered the production of the file and a hearing on the fee. The file apparently has not been produced.

At the hearing, it was undisputed that Capoccia performed some work on the underlying action. Plaintiff Suzanne Potts testified that meetings were held with Capoccia and Cardamone and that some pleadings were prepared and served. Cardamone testified that he spent 60 to 70 hours on the case, but did not produce any time sheets or work product. There

---

* Our references to Capoccia are to him individually and his professional corporation.

was no testimony concerning Capoccia's or Cardamone's experience or reputation, the result accomplished, plaintiffs' benefit from the services performed or the fees customarily charged for similar work. On this record, Supreme Court determined that Capoccia failed to satisfy his burden of establishing the value of the legal services performed. Thus, Supreme Court ordered Capoccia to return the $5,000 retainer to plaintiffs.

A suspended attorney is entitled to recover on a quantum meruit basis for services performed prior to suspension (22 NYCRR 806.9 [b]). Generally, an attorney seeking counsel fees must establish the value of his services (see, Marine Midland Bank v Roberts, 102 Misc 2d 903, 905) by showing such factors as the time and skill required, the matter's complexity, his experience, ability and reputation, the client's benefit from the services and the fee usually charged by other attorneys for similar services (see, e.g., Matter of Smith, 131 AD2d 913, 914; Matter of Gutchess, 117 AD2d 852, 854, lv denied 68 NY2d 609). Some courts, though, have set counsel fees on an incomplete record based on the courts' own assessment of the value of the attorney's services (see, e.g., Jordan v Freeman, 40 AD2d 656, 657). Thus, any fee must reflect the value of the services performed.

In this case, Supreme Court's determination that Capoccia failed to satisfy his burden was proper. As described by Supreme Court, there is insufficient evidence as to the value of Capoccia's services. Furthermore, it is difficult to perceive what value plaintiffs received from Capoccia's work. Although the action was commenced by Capoccia, the file has apparently been lost and, without the records, correspondence, pleadings and other work product in the file, plaintiffs' new counsel must essentially begin anew. Under such circumstances, we agree that plaintiffs are entitled to have the $5,000 retainer returned to them.

Finally, we reject Capoccia's argument that the judgment as against the professional corporation is improper because plaintiffs' notice of motion to set the fee referred only to Capoccia individually and the order is against the "attorney". It is apparent from the record, especially the hearing testimony, that the participants understood that the compensation due Capoccia individually and his professional corporation, both of which are clearly enumerated on the letter specifying the retainer agreement, was at issue.

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.