OPINION OF THE COURT
Loren N. Brown, J.
This is an application by Matthew Jones, Esq., pursuant to rule 806.9 of the Rules of the Supreme Court, Appellate *931 Division, Third Department (22 NYCRR), for an order authorizing the payment of a fee to Michael H. Rosenberg. The motion, as it relates to the calculation of the fee, is opposed by Rosenberg.
Michael Rosenberg was the former attorney for plaintiff Joseph Mitchell. Certain services were rendered to Mr. Mitchell by Mr. Rosenberg in bringing a lawsuit on his behalf. Mr. Mitchell agreed to a contingent fee of one third of any recovered amount, including necessary disbursements and costs. Thereafter, Mr. Rosenberg was suspended from the practice of law by the Supreme Court, Appellate Division, Third Department. After being informed of the suspension, Mr. Rosenberg transferred the case, with the approval of Mr. Mitchell, to Matthew Jones, Esq. The case remained active during the suspension, and only after the period of suspension expired did the case settle for the sum of $45,000. Mr. Rosenberg contends that after his reinstatement, he actively aided the prosecution of the action in communications with Mr. Jones.
Mr. Jones now moves for an order setting Mr. Rosenberg’s fee for services performed prior to the suspension on a quantum meruit basis. Mr. Rosenberg opposes the motion on the grounds that termination of his suspension terminated the applicability of rule 806.9 of the Rules of the Appellate Division, Third Department. He contends that he should receive an equitable share of the ultimate recovery of $45,000.
The first issue presented to the court is whether rule 806.9 applies to this case, though the period of suspension has expired. Rule 806.9 provides in pertinent part: "(b) Compensation. A disbarred, suspended or resigned attorney may not share in any legal fee for legal services performed by another attorney during the period of his removal from the bar, but he or she may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred prior to the effective date of removal. In the absence of agreement, the amount and manner of payment of such compensation and disbursements shall be fixed by the court on application of either the disbarred, suspended or resigned attorney or the new attorney, on notice to the other, as well as on notice to the client. Such applications shall be made at special term of the court in which the action is pending, or at a special term of Supreme Court in the county in which the moving attorney maintains his office if an action has not been commenced. In no event shall the combined legal fees exceed the amount the *932 client would have been required to pay had no substitution of attorneys been required.”*
The foregoing rule directly addresses Mr. Rosenberg’s right to compensation for services rendered prior to his suspension. Despite his contingent fee arrangement with his client, pursuant to the rule, payment by his former client for his services prior to suspension is available only on a quantum meruit basis. (Potts v Hines, 144 AD2d 189.) He is not entitled to share in the ultimate recovery on an "equitable” basis.
Mr. Rosenberg’s reinstatement does not render the Appellate Division rule inapplicable. The rule clearly applies to fix the fee of an attorney prior to suspension. That the order to fix the fee was sought after the suspension does not effect a motion to fix his presuspension fee.
In fact, Mr. Rosenberg’s purported work on the file after his suspension ended is entirely irrelevant to this application. While arguably he is entitled to some compensation for services rendered to Mr. Jones in bringing about a settlement, his contract and contact with Mr. Mitchell ended upon his suspension. Mr. Rosenberg’s return to practice did not automatically revive his contractual relationship with Mr. Mitchell. Any right to a share in the ultimate settlement, failing a postsuspension agreement with Mr. Mitchell, could not be regained by consulting with Mr. Jones.
While the record is not complete, the court has sufficient facts before it (Jordan v Freeman, 40 AD2d 656) to fix Mr. Rosenberg’s fee at $1,000. He shall also recover $15 in disbursements.

 Mr. Rosenberg has not objected to this motion on the grounds that the action, now settled, is no longer pending, and will be deemed to have waived the objection.