■ DAVID W. CHAPEL et al., Plaintiffs, v SAMUEL J. MITCH-ELL et al., Defendants and Third-Party Plaintiffs-Respondents. ROBERT E. LEE, Doing Business as PROTDEC, Third-Party Defendant-Appellant. [602 NYS2d 714] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered July 13, 1992 in Tioga County, which granted defendants' motion for counsel fees, and (2) from an order of said court, entered July 23, 1992 in Tioga County, which set the amount of those fees.

Plaintiff David W. Chapel, an employee of third-party defendant, Robert E. Lee, was performing roof replacement on a building owned by defendant Samuel J. Mitchell. Mitchell had contracted with Lee to replace the building's roof. Chapel was injured when he fell from the roof. On June 2, 1989, Chapel initially sued Mitchell and other unrelated defendants. Plaintiffs subsequently served a new summons suing Mitchell and defendant S.J.M. Entertainment Corporation. Plaintiffs moved for summary judgment against defendants, arguing that they were strictly liable as owners for Chapel's injuries under Labor Law § 240, which was granted. Defendants brought a third-party action against Lee, alleging contractual and common-law indemnity. A new summons and complaint was subsequently filed alleging only common-law indemnity. Following the grant of summary judgment to plaintiff against defendants, defendants moved for summary judgment in their third-party action against Lee under common-law indemnification, which was granted. Lee then entered into a settlement with plaintiffs. Defendants then brought a motion for counsel fees to include recovery of the fair market value of all legal services from the inception of plaintiffs' action on June 2, 1989 against defendants and other unrelated defendants. Included in the services for which recovery was demanded was not only the time spent on the indemnity claim, but also the time spent on plaintiffs' lawsuit.

Lee contends that Supreme Court erred in the award of the counsel fees and in the amount awarded. It is urged that the recovery of counsel fees under principles of common-law indemnity are limited to counsel fees incurred in the suit brought by the injured party and not fees and expenses incurred to establish the indemnitee's right against the indemnitor.

The record indicates that after the action was commenced by Chapel in June 1989 against Mitchell, indemnification was

requested of Lee as well as a request to undertake Mitchell's defense, which was declined. As a result, Mitchell was required to defend plaintiffs' main action, plaintiffs' amended action and was required to serve a third-party complaint against Lee, in defense of the main action. Supreme Court, after an evidentiary hearing, awarded counsel fees to defendant in the sum of $9,268.30.

"The common-law right of indemnification against the party primarily at fault, includes costs, expenses, and attorneys' fees incurred in the suit brought by the injured party" *(O'Dowd v American Sur. Co.,* 2 AD2d 956, 957, *revd on other grounds* 3 NY2d 347). The measure of damages in the case of implied indemnity for tort is the loss or damage sustained by the injured party and paid by the one held to be legally liable, with such incidental expenses as may have been incurred in defending the action *(see, Gray Mfg. Co. v Pathe Indus.,* 33 AD2d 739, *affd* 26 NY2d 1045).

In the present case, the defense of plaintiffs' action and the prosecution of the third-party complaint are legitimate expenses incurred in defending against plaintiffs' lawsuit. Supreme Court's resolution of the question of counsel fees is eminently reasonable and not in contravention of the rules of indemnification.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the orders are affirmed, with costs.