*347
 
 OPINION OF THE COURT
 

 ClPARICK, J.
 

 This case requires us to decide whether an indemnitee may recover from an indemnitor the legal expenses incurred in prosecuting a common-law indemnification claim. We conclude that such legal expenses are not recoverable.
 

 While employed by third-party defendant Robert E. Lee, plaintiff David W. Chapel sustained injuries when he fell from the roof of a building owned by defendants/third-party plaintiffs Samuel J. Mitchell and S.J.M. Entertainment Corp. (defendant). Plaintiff commenced an action against defendant under Labor Law § 240. Defendant in turn commenced a third-party action against third-party defendant seeking common-law indemnification. Plaintiff moved for summary judgment against defendant on the ground that defendant was strictly liable for plaintiff’s injuries under Labor Law § 240. Defendant cross-moved for summary judgment to declare third-party defendant liable to it for plaintiff’s injuries.
 

 Supreme Court granted plaintiff’s motion as against defendant. By separate order, it also granted defendant’s cross motion for summary judgment as against third-party defendant, finding that defendant was not actively negligent and, thus, was entitled to full indemnification. Defendant then moved against third-party defendant for an order to recover attorneys’ fees, costs, and disbursements incurred in defending the first-party action and in prosecuting the third-party indemnification claim. Supreme Court granted defendant’s motion and ordered a hearing on attorneys’ fees. The court awarded defendant $9,268.30, which sum also included the legal fees and costs expended for the third-party action. The Appellate Division affirmed, concluding that the legal expenses of the third-party action were incidentally and legitimately incurred in the defense of plaintiff’s lawsuit.
 

 The first question to be addressed is whether defendant is entitled to recover the legal expenses incurred in defending the main action. It is well settled that an owner who is only vicariously liable under the Labor Law may obtain full indemnification from the party wholly at fault
 
 (see, Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,
 
 35 NY2d 1, 6). This common-law right of indemnification against the party actually at fault encompasses the right to recover attorneys’ fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party
 
 (see, Phoenix Bridge
 
 
 *348
 

 Co. v Creem,
 
 102 App Div 354,
 
 affd
 
 185 NY 580). In this case, the nature of defendant’s liability is vicarious and its predicate purely statutory. Accordingly, defendant is entitled to recover as part of its indemnification award the legal expenses for defending plaintiffs action.
 

 As to the third-party action, however, we conclude that the legal expenses incurred in its prosecution are not recoverable. The Appellate Division held that "the defense of plaintiffs’ action and the prosecution of the third-party complaint are legitimate expenses incurred in defending against plaintiffs’ lawsuit” (197 AD2d 780, 781). Initially, we note that
 
 Gray Mfg. Co. v Pathe Indus.
 
 (33 AD2d 739,
 
 affd
 
 26 NY2d 1045), the sole authority relied upon by the Court below for this proposition, is inapposite; that case involved the interpretation of contractual indemnity provisions whereas this case is governed by common-law principles as no contract provision or statute is implicated. True, the instant indemnification claim can be fairly characterized as incidental to the main action; however, we cannot agree that the legal expenses of pursuing it are recoverable on this basis.
 

 The question which confronts us has been addressed in slightly different procedural and substantive settings. In
 
 Johnson v General Mut. Ins. Co.
 
 (24 NY2d 42, 50), we held that the insured was entitled to recover from its insurer the legal expenses arising out of the defense of declaratory judgment actions brought by the injured persons’ subrogee, but we refused to award damages encompassing the legal expenses incurred in pursuing the cross claim itself
 
 (id.,
 
 at 50). In
 
 Doyle v Allstate Ins. Co.
 
 (1 NY2d 439), the insurer refused to defend its insured in a nuisance action. The insured successfully defended himself and then sued the insurer to establish coverage and to recover the legal expenses arising out of both actions. We held that the insured was entitled to recover the legal expenses of defending the nuisance action, but as to the second action we concluded that the expenses of seeking legal redress are not recoverable as damages
 
 (id.,
 
 at 443-444).
 

 We find no authority for the proposition that the legal expenses of pursuing a common-law indemnification claim are recoverable when such claim is incidental to another action. Moreover, we could not adopt such a rule without simultaneously disparaging the fundamental principle that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys’ fee from the loser”
 
 (Alyeska Pipeline Co. v Wilder
 
 
 *349
 

 ness Socy.,
 
 421 US 240, 247;
 
 see, Hooper Assocs. v AGS Computers,
 
 74 NY2d 487, 491 ["attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule”]).
 

 Whatever its advantages or disadvantages, and these have been amply analyzed and require no extended discussion here
 
 (see, e.g.,
 
 Ehrenzweig,
 
 Reimbursement of Counsel Fees and the Great Society,
 
 54 Cal L Rev 792 [1966]), the American rule, as opposed to the British rule which requires the unsuccessful litigant to pay legal expenses for both sides, represents an implicit legislative judgment regarding the allocation of legal fees. As we have stated, our rule encourages the "submission of grievances to judicial determination and [provides] freer and more equal access to the courts * * * promoting] democratic and libertarian principles”
 
 (Mighty Midgets v Centennial Ins. Co.,
 
 47 NY2d 12, 22).
 

 We thus conclude that in the absence of any pertinent contractual or statutory provision with respect to the recovery of amounts expended in the successful prosecution or defense of an action, each party is responsible for its own legal fees. Consequently, defendant is entitled to attorneys’ fees, costs, and disbursements incurred in defense of the main action only.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, and the case remitted to Supreme Court for a de nova hearing on the question of reasonable attorneys’ fees for the defense of the main action only; and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order modified, without costs, and case remitted to Supreme Court, Tioga County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.