■ JOHN B. GUTH, Appellant, v MUTUAL OF NEW YORK, Respondent and Third-Party Plaintiff-Appellant, et al., Defendant. ALLWASH OF SYRACUSE, INC., Third-Party Defendant-Respondent. [624 NYS2d 76] —Order unanimously reversed on the law with costs and motion and cross motion granted. Memorandum: Supreme Court erred (1) in denying the motion of plaintiff for partial summary judgment on the issue of liability in this Labor Law § 240 (1) action and (2) in denying the cross motion of defendant and third-party plaintiff, Mutual of New York (MONY), for summary judgment against third-party defendant, Allwash of Syracuse, Inc., on the issue of indemnity.

The evidence submitted demonstrates that, while plaintiff was working on a scaffold, he ducked under an exposed pipe, stepped off the scaffold, and fell. Defendant concedes that the "scaffold did not provide proper protection within the requirements of Labor Law section 240" *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513).

The record establishes that MONY did not have control or supervision over either the work or plaintiff. An owner or contractor is entitled to common-law indemnification from the employer when the liability of the owner or contractor is purely statutory and based solely on its status *(Mas v Two Bridges Assocs.,* 75 NY2d 680; *Pietsch v Moog, Inc.,* 156 AD2d 1019). (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.—Labor Law § 240 [1].) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.