■ STATE OF NEW YORK, Respondent, v C. T. BRICKMAN AND ASSOCIATES, INC., Appellant, et al., Respondents. [650 NYS2d 393] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered July 18, 1995 in Albany County, upon a decision of the court in favor of plaintiff, and (2) from a judgment of said court, entered February 27, 1996 in Albany County, which, *inter alia*, determined the amount of damages and counsel fees.

On January 22, 1986, Frank Ricupero was a mason employed by defendant C. T. Brickman and Associates (hereinafter defendant), a masonry subcontractor responsible for, *inter alia*, the installation of acoustic ceilings at a construction site owned by plaintiff in Albany County. Ricupero sustained injuries when a folded stepladder, which he had leaned against a wall, slipped out from under him. At the time of the accident, defendant had an oral agreement with defendant Venditti Brothers, Inc. (hereinafter Venditti), a sheetmetal contractor, to provide masonry services to repair fireproofing dislodged by Venditti's employees in the course of installing duct work. Ricupero was working alone patching around duct work in a mechanical room when the accident occurred. Ricupero and his wife commenced an action in the Court of Claims to recover damages and loss of services which resulted in a $75,000 judgment against plaintiff.

After plaintiff satisfied the judgment, it commenced an action in Supreme Court against not only defendant but the general contractor, defendant Barry, Bette & Led Duke, Inc. (hereinafter BBL), and Venditti, seeking common-law and contractual indemnification. Following a nonjury trial, Supreme Court found defendant solely liable in negligence for Ricupero's injuries under Labor Law § 200. The court awarded judgment to plaintiff against defendant on its common-law indemnification claim and against BBL on its contractual indemnification claim. The court also awarded BBL judgment over and against defendant, dismissed the complaint against Venditti and awarded BBL counsel fees against defendant for its defense of the State action. Defendant appeals.

In the primary action, plaintiff was held strictly liable for Ricupero's injuries under Labor Law § 240 (1) based solely upon its status as owner. In such a circumstance, plaintiff is entitled, under the common law, to obtain full indemnification from the party actually at fault (*see, Chapel v Mitchell*, 84 NY2d 345, 347; *Kelly v Diesel Constr.*, 35 NY2d 1, 6; *Guth v Mutual of N. Y.*, 213 AD2d 1066).

Defendant initially argues that it cannot be held liable for

Ricupero's injuries because it did not control or direct the performance of Ricupero's work. We disagree. Ricupero was defendant's employee. He was hired by defendant to patch all of the fireproofing at the jobsite. Ricupero did not perform fireproofing patchwork exclusively for Venditti. He was paid by defendant and his services were supplied to Venditti on a time and materials basis. No one other than Conrad Brickman, an owner and operator of defendant, or Harold Cath, defendant's foreman on the job, ever told Ricupero what to do. According to Ricupero, it was either Cath or Brickman who told him to patch in the mechanical room where the accident occurred. Although Venditti ordered patching work to be done by defendant, and Venditti's foreman occasionally inspected the work before defendant was paid, there was no proof that Venditti directed or controlled the manner in which Ricupero performed his work. This is a determinative factor militating against any finding that Ricupero was in the "special employ" of Venditti at the time of the accident (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874). In our view, plaintiff's proof sufficiently established that defendant controlled and directed the performance of Ricupero's work at the jobsite "and therefore [it] had an obligation 'to protect its own employee from the foreseeable risks of the accident which occurred' " (*Stimson v Lapp Insulator Co.*, 186 AD2d 1052, 1053, quoting *Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 959).

Defendant contends that it cannot be held liable under the common law for Ricupero's injuries since the use of the closed stepladder was a known and obvious dangerous condition (*see, Gasper v Ford Motor Co.*, 13 NY2d 104). In making this argument defendant is relying on the exception to the common-law safe work place rule applicable to owners of jobsites (*see, supra*). That exception exempts owners from protecting an independent contractor's employees against conditions, defects, risks or dangers that are readily apparent in the owner's plant. It does not apply to the contractor's own plant, tools and methods (*see, Gasper v Ford Motor Co., supra*, at 110; *Zucchelli v City Constr. Co.*, 4 NY2d 52, 56). Here, defendant, an independent contractor, failed to supervise the method by which Ricupero performed his work and, further, failed to supply him with the necessary equipment (*see, Borshowsky v Altman & Co.*, 280 App Div 599, *affd* 306 NY 798). Therefore, defendant cannot escape liability under this exception to the safe work place rule.

Our review of the record also supports Supreme Court's find-

ings that defendant breached its duty to provide a safe work place and that the breach was the proximate cause of Ricupero's injuries. Under the subcontracting agreement between defendant and BBL, defendant was required to provide supervision for its workers on the jobsite as well as all necessary equipment including ladders. Cath testified that he normally supervised defendant's employees and that he was responsible for their safety. Both he and Brickman were aware that Ricupero's work would involve patching at a height of approximately 13 feet and that defendant did not have any ladders on the site. Defendant's other employees on the site used rolling scaffolds in their work. Ricupero testified that he and Brickman discussed equipment and that Brickman told him to borrow a ladder from someone on the jobsite for the few occasions he would need it.

On the day of the accident, Ricupero borrowed an eight-foot stepladder from another contractor on the site, General Drywall. The duct work in the mechanical room left insufficient space to use a scaffold or to open the stepladder. Cath knew that Ricupero was doing patchwork in the mechanical room but he did not check on him that day because he was working in a different area from Ricupero. Cath testified that if he had been supervising Ricupero at the time of the accident he would have told him not to place the ladder as he did. Ricupero stated that he would have stopped using the stepladder in a closed position if told to do so by his supervisor. Therefore, we agree with Supreme Court that defendant was negligent.

We next turn to defendant's claim that it should not have been held liable to indemnify BBL for its counsel fees in defending plaintiff's action because plaintiff did not first establish negligence on the part of BBL. We disagree. As the subcontractor to whom BBL had delegated the fireproofing patchwork (*see, Russin v Picciano & Son*, 54 NY2d 311, 318), defendant became liable to BBL under common-law indemnification, which encompasses the right to recover counsel fees (*see, Chapel v Mitchell*, 84 NY2d 345, 347, *supra*), upon Supreme Court's finding that it was the party actually responsible for Ricupero's accident (*see, Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 301; *Kelly v Diesel Constr.*, 35 NY2d 1, 5-7, *supra*). Thus, contrary to defendant's argument, BBL was entitled to indemnification from defendant, regardless of whether plaintiff was entitled to indemnification from BBL.

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, without costs.