■ JAN NOS, Plaintiff, v GREENPOINT MANUFACTURING AND DESIGN CENTER LOCAL DEVELOPMENT CORPORATION, Defendant, and Third-Party Plaintiff-Appellant, et al., Defendant. S & G WOODWORKING, INC., Third-Party Defendant-Respondent. [691 NYS2d 342] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 30, 1998, which denied its motion for summary judgment against the third-party defendant on the issue of common-law indemnification.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The defendant third-party plaintiff, Greenpoint Manufacturing and Design Center Local Development Corporation (hereinafter Greenpoint), was the owner and lessor of premises leased to the third-party defendant, S & G Woodworking, Inc. (hereinafter S & G), where the plaintiff, a worker employed by S & G, was allegedly injured when he fell from a ladder.

Since there is no evidence that Greenpoint supervised, directed, or controlled the work of the plaintiff, Greenpoint established its entitlement to judgment as a matter of law on the issue of indemnification against the plaintiff's employer, S & G (*see, Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394; *Eccleston v Berakha,* 233 AD2d 417; *Richardson v Matarese,* 206 AD2d 354, 355). In opposition, S & G failed to establish the existence of triable issues of material fact which would preclude an award of summary judgment in Greenpoint's favor on the issue of indemnification (*see,* CPLR 3212 [b]).

We note that Greenpoint is entitled to recover its legal expenses incurred in defending the plaintiff's claims against it (*see, Chapel v Mitchell,* 84 NY2d 345, 347-348; *Eccleston v Berakha, supra*). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.