■ ALICE LOGAN et al., Plaintiffs, v COUNTY OF NASSAU et al., Defendants, LONG ISLAND LIGHTING COMPANY, Respondent, and ASPLUNDH CONSTRUCTION, Appellant. [720 NYS2d 399] —In an action to recover damages for personal injuries, etc., the defendant Asplundh Construction appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered February 8, 1999, which, in effect, granted the motion of the defendant Long Island Lighting Company for summary judgment on its first, second, third, and fourth cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Alice Logan allegedly was injured when the vehicle in which she was a passenger struck a hole in Roslyn Road in the Town of North Hempstead. Three weeks before the accident, the defendant Asplundh Construction (hereinafter Asplundh) excavated and temporarily repaired portions of the road at the accident site. Asplundh's excavation work was performed pursuant to a contract with the defendant Long Island Lighting Company (hereinafter LILCO) to construct a gas line.

Since there is no evidence that LILCO supervised, directed, or controlled the road work which allegedly caused the accident, LILCO established its entitlement to judgment on its first and second cross claims for common-law indemnification against Asplundh as a matter of law (*see, Nos v Greenpoint Mfg. & Design Ctr. Local Dev. Corp.,* 262 AD2d 539; *Sprague v Peckham Materials Corp.,* 240 AD2d 392). In opposition, Asplundh failed to demonstrate the existence of a triable issue of fact (*see,* CPLR 3212 [b]). Similarly, LILCO was entitled to summary judgment on its third cross claim for contractual indemnification against Asplundh, as the contract required Asplundh to hold LILCO harmless and indemnify it (*see, Dawson v Pavarini Constr. Co.,* 228 AD2d 466). Accordingly, the court

properly granted those branches of LILCO's motion which were for summary judgment on its first, second, and third cross claims insofar as asserted against Asplundh (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557).

LILCO was also entitled to summary judgment on its fourth cross claim to recover damages for breach of contract against Asplundh. Asplundh failed to purchase insurance as required by its contract with LILCO and, therefore, breached the contract (*see, McGill v Polytechnic Univ.,* 235 AD2d 400; *see also, Mathew v Crow Constr. Co.,* 220 AD2d 490).

Asplundh's remaining contentions are without merit. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.