■ BUENAVENTURA PEREZ, Plaintiff, v SPRING CREEK ASSOCIATES, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. ACCURA CONTRACTING CORP., Third-Party Defendant-Appellant. [725 NYS2d 875] —In an action to recover damages for personal injuries, the third-party defendant appeals from (1) an order of the Supreme Court, Kings County (Barron, J.), entered February 9, 2000, which granted the motion of the defendants third-party plaintiffs for reimbursement for all legal fees, costs, and disbursements incurred in the defense of the main action, (2) a judgment of the same court, entered April 18, 2000, which is in favor of the defendants third-party plaintiffs and against it in the principal sum of $19,743.80, and (3) an order of the same court (Rappaport, J.), entered September 22, 2000, which denied its motion to vacate the judgment pursuant to CPLR 5015 (a) (5) based upon an alleged settlement.

Ordered that the appeal from the order entered February 9, 2000, is dismissed; and it is further,

Ordered that the judgment is reversed, and the matter is remitted to the Supreme Court, Kings County, to calculate only the legal fees that were incurred in the defense of the main action, and for entry of an appropriate amended judgment; and it is further,

Ordered that the appeal from the order entered September 22, 2000, is dismissed as academic; and it is further,

Ordered that the third-party defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

While we agree that the defendants third-party plaintiffs are entitled to be indemnified for those legal fees incurred in connection with the defense of the plaintiff's action (*see, Werner v East Meadow Union Free School Dist.,* 245 AD2d 367; *Mackey v Beacon City School Dist.,* 216 AD2d 534), no authority permits the recovery of legal expenses incurred in pursuing the common-law indemnification claim against the third-party defendant (*see, Chapel v Mitchell,* 84 NY2d 345, 348-349). That claim is incidental to the main action of the plaintiff and, therefore, there can be no recovery for any legal expenses incurred therein (*see, Chapel v Mitchell, supra; see also, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491). Accordingly, the matter is remitted to the Supreme Court, Kings County, to calculate those fees which relate only to the defense of the plaintiff's action and which are recoverable by the defendants third-party plaintiffs from the third-party defendant (*see, Chapel v Mitchell, supra*).

The third-party defendant's remaining contentions are without merit or academic. Ritter, J. P., Friedmann, H. Miller and Townes, JJ., concur.