■ ALEC V. KATZ, Plaintiff, v PAUL WIENER et al., Defendants, and 901 AVENUE H. OWNERS CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. EASTERN CABLE TELEVISION SERVICE CORP. et al., Third-Party Defendants-Respondents. [755 NYS2d 284] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered April 8, 2002, which granted the third-party defendants' motion to vacate an order of the same court, dated January 28, 2002, granting, without opposition, the defendants third-party plaintiffs' prior motion for a hearing to determine the amount of attorneys' fees owed to them, and, upon vacatur, denied the prior motion.

Ordered that the order is affirmed, with costs.

"It is well settled that an owner who is only vicariously liable under the Labor Law may obtain full indemnification from the party wholly at fault * * * This common-law right of indemnification against the party actually at fault encompasses the right to recover attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party" (*Chapel v Mitchell,* 84 NY2d 345, 347 [1994]). In this case, there has not yet been a determination that the defendants third-party plaintiffs were vicariously liable. Accordingly, they are not yet entitled to an award of attorneys' fees incurred in connection with defending against the plaintiff's claims. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.