Exec. Risk Indem., Inc. v. Fieldbridge Assocs. LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
EXECUTIVE RISK INDEMNITY, INC., as
subrogee of Andrews International,
Inc. and Copstat Security, LLC,
  <u>Plaintiffs-Appellants</u>,

  -v.-             15-1808

FIELDBRIDGE ASSOCIATES LLC,
  <u>Defendant-Appellee</u>.[1]
- - - - - - - - - - - - - - - - - - - - -X

---

[1] The Clerk of the Court is directed to amend the caption as above.

**FOR APPELLANTS:**                    Andrew I. Hamelsky, White and Williams LLP, New York, New York.

**FOR APPELLEE:**                     Dara L. Rosenbaum, Rosenbaum & Taylor, P.C., White Plains, New York.

Appeal from two orders of the United States District Court for the Southern District of New York (Fox, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the May 29, 2015, final order of the district court be **AFFIRMED**.

Executive Risk Indemnity Inc. ("Executive Risk") as subrogee of its insureds Andrews International, Inc. and Copstat Security, LLC appeals from two orders of the United States District Court for the Southern District of New York (Fox, <u>M.J.</u>).[2] At issue are the amount of attorneys' fees expended by Executive Risk in the defense of the underlying tort litigation, and whether Executive Risk can recover fees incurred in this subrogation action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The district court declined to award attorneys' fees for work performed in the underlying tort action by any person other than the main partner, Barry Jacobs. Under New York law, "[a]n award of attorneys' fees pursuant to [] a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." <u>Kamco Supply Corp. v. Annex Contracting Inc.</u>, 689 N.Y.S.2d 189, 190 (App. Div. 1999) (citing, <u>e.g.</u>, <u>In re First Nat'l Bank of E. Islip v. Brower</u>, 368 N.E.2d 1240 (N.Y. 1977)); <u>see also</u> <u>F.H. Krear & Co. v. Nineteen Named Trustees</u>, 810 F.2d 1250, 1263 (2d Cir. 1987) (fees awarded pursuant to contract must be "not unreasonable"). "A variety of factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable

---

[2] We have appellate jurisdiction even though the district court did not enter a separate final judgment because the May 29, 2015, order "clearly represents a final decision and the appellees do not object to the taking of an appeal." <u>Selletti v. Carey</u>, 173 F.3d 104, 109-10 (2d Cir. 1999).

or unreasonable, including 'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.'" F.H. Krear, 810 F.2d at 1263 (quoting In re Estate of Schaich, 391 N.Y.S.2d 135, 136 (App. Div. 1977)). With the exception of Mr. Jacobs, Executive Risk failed to provide the district court with sufficient information as to one factor that bears on reasonableness: the lawyer's experience, ability and reputation. New York courts put the burden of establishing fees' reasonableness on the party seeking fees. See, e.g., Potts v. Hines, 534 N.Y.S.2d 507, 508 (App. Div. 1988); Marine Midland Bank v. Roberts, 424 N.Y.S.2d 671, 673 (Civ. Ct. 1980). Since Executive Risk did not carry that burden, the court did not abuse its discretion in determining that it could not find the requested fees of lawyers (and paralegals) other than Mr. Jacobs to be reasonable and declining to award any fees for their services. See SO/Bluestar, LLC v. Canarsie Hotel Corp., 825 N.Y.S.2d 80, 82 (App. Div. 2006) (reversing award of attorneys' fees where the trial court did not "possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (quoting Bankers Fed. Sav. Bank FSB v. Off W. Broadway Developers, 638 N.Y.S.2d 72, 74 (App. Div. 1996))); Potts, 534 N.Y.S.2d at 508 (affirming denial of fees because former attorney "failed to satisfy his burden of establishing the value of the legal services performed").

When a New York State trial court lacks sufficient information from which to determine whether fees requested pursuant to a contractual provision are reasonable, the court must hold a hearing (or otherwise obtain additional information), rather than rejecting that portion of the request outright. See SO/Bluestar, 825 N.Y.S.2d at 82; Bankers Fed., 638 N.Y.S.2d at 74-75; Cmty. Sav. Bank v. Shaad, 482 N.Y.S.2d 162, 163 (App. Div. 1984). However, that procedural rule does not apply in this diversity action. See Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); Pls.-Appellants' Br. at 25 ("[U]nder New York law, if the district court could not ascertain the reasonable fees to be awarded after receiving Executive Risk's submission, the proper *procedure* was to set the matter down for a hearing." (emphasis added)). Since this

3

state procedural rule does not apply, acceptance of additional evidentiary submissions in connection with Executive Risk's motion for reconsideration was a matter within the district court's discretion. <u>Williams v. Citigroup, Inc.</u>, 659 F.3d 208, 214 n.3 (2d Cir. 2011) (per curiam). It did not abuse discretion in declining to accept and consider these materials.

**2.** Executive Risk argues that the district court erred in declining to award attorneys' fees incurred in prosecuting this subrogation action, because contemporaneous time records are not required under New York law. We need not decide whether Executive Risk's submission was sufficient in this respect because New York law does not authorize an award of attorneys' fees incurred in an action to recover on a contract, unless provided for by the contract. <u>See</u> <u>Doyle v. Allstate Ins.</u>, 136 N.E.2d 484, 487 (N.Y. 1956); <u>Swiss Credit Bank v. Int'l Bank, Ltd.</u>, 200 N.Y.S.2d 828, 830-31 (Sup. Ct. 1960).[3] And "[u]nder New York law, 'the court should not infer a party's intention' to provide counsel fees as damages for a breach of contract 'unless the intention to do so is unmistakably clear' from the language of the contract." <u>Oscar Gruss & Sons, Inc. v. Hollander</u>, 337 F.3d 186, 199 (2d Cir. 2003) (quoting <u>Hooper Assocs., Ltd. v. AGS Computs., Inc.</u>, 548 N.E.2d 903, 905 (N.Y. 1989)); <u>see also</u> <u>Swiss Credit Bank</u>, 200 N.Y.S.2d at 830-31 ("A general agreement for the payment of counsel fees does not generally include counsel fees in the suit to collect those fees." (citing <u>Doyle</u>, 136 N.E.2d 484)). The contract between Fieldbridge and Executive Risk's insureds does not clearly provide for recovery of attorneys' fees incurred in an action to collect on a breach of the contract.

---

[3] Executive Risk attempts to read <u>Johnson v. General Mutual Insurance Co.</u>, 246 N.E.2d 713 (N.Y. 1969), to hold otherwise. However, the New York Court of Appeals has been exceedingly clear that legal fees incurred in an action to recover legal fees are noncompensable. <u>See</u> <u>Chapel v. Mitchell</u>, 642 N.E.2d 1082, 1083-84 (N.Y. 1994) (discussing <u>Johnson</u>, 246 N.E.2d 713, and <u>Doyle</u>, 136 N.E.2d 484).

4

For the foregoing reasons, and finding no merit in Executive Risk's other arguments, we hereby **AFFIRM** the May 29, 2015, final order of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK