Swan v Pier 1 Imports (U.S.), Inc. (2019 NY Slip Op 04985)





Swan v Pier 1 Imports (U.S.), Inc.


2019 NY Slip Op 04985


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-02852
 (Index No. 122/12)

[*1]Ron Swan, plaintiff, 
v
Pier 1 Imports (U.S.), Inc., defendant third-party/second third-party plaintiff, Advanced Communications, defendant-respondent, Tricon Construction, LLC, defendant third-party defendant-appellant, et al., defendants; T.C. Millwork, Inc., second third-party defendant- appellant, et al., second third-party defendant (and other third-party actions).


James J. Toomey, New York, NY (Michael J. Kozoriz of counsel), for defendant third-party defendant-appellant and second third-party defendant-appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (John J. Morris of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant, Tricon Construction, LLC, and the second third-party defendant T.C. Millwork, Inc., appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 13, 2017. The order, insofar as appealed from, denied their motion to recover from the defendant Advanced Communications their attorneys' fees, costs, and disbursements incurred in this litigation.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant third-party defendant, Tricon Construction, LLC, and the second third-party defendant T.C. Millwork, Inc., which was to recover from the defendant Advanced Communications the reasonable costs they incurred in defending the defendant third-party/second third-party plaintiff, Pier 1 Imports (U.S.), Inc., in the main action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In this personal injury action, the second third-party defendant T. C. Millwork, Inc. (hereinafter TCM), and its subdivision, the defendant third-party defendant, Tricon Construction, LLC (hereinafter Tricon), worked as subcontractors on a renovation project at a store operated by the defendant third-party/second third-party plaintiff, Pier 1 Imports (U.S.), Inc. (hereinafter Pier 1). The plaintiff commenced this action against, among others, Pier 1 and the defendant Advanced Communications (hereinafter Advanced), another subcontrator on the project, to recover damages for personal injuries he sustained while working on the project. Pier 1 commenced a third-party action against Tricon and a second third-party action against TCM and another party. In both of those third-party actions, Pier 1 asserted, inter alia, a cause of action for contractual indemnification.
In an order dated August 21, 2015, the Supreme Court awarded summary judgment to Pier 1 on its contractual indemnification cause of action against Tricon and directed Tricon to pay Pier 1's reasonable litigation costs.
In an order dated May 12, 2016, the Supreme Court, inter alia, awarded summary judgment to the plaintiff on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Pier 1. The court also awarded summary judgment to Tricon dismissing the second amended complaint insofar as asserted against it.
In an order dated June 15, 2016, following a trial, the Supreme Court, inter alia, granted Pier 1's motion for a directed verdict on its cause of action for contractual indemnification against TCM and granted the plaintiff's motion for a directed verdict finding no comparative negligence. The same day, a jury found that Advanced failed to use reasonable care in providing the plaintiff with a safe workplace, and that its negligence was a substantial factor in the happening of the accident.
In an order dated June 21, 2016, the Supreme Court, inter alia, granted TCM and Tricon's application for common-law indemnification against Advanced.
Thereafter, TCM and Tricon moved to recover from Advanced their attorneys' fees, costs, and disbursements incurred in this litigation, including reimbursement of the legal fees they expended in providing a defense to Pier 1 in the main action, the legal fees they incurred in defending the third-party causes of action asserted against them by Pier 1, and the legal fees they incurred in prosecuting their common-law indemnification application against Advanced. The Supreme Court denied the motion, and TCM and Tricon appeal.
A party who is entitled to recover against another defendant or a third-party defendant on a theory of common-law indemnification may, as part of such recovery, seek reimbursement of "attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party," but cannot recover any "legal expenses incurred in its prosecution" of the common-law indemnification cause of action or claim (Chapel v Mitchell, 84 NY2d 345, 347-348; see Bigelow v General Elec. Co., 120 AD3d 938, 940; Perez v Spring Cr. Assoc., 283 AD2d 626, 627; Nos v Greenpoint Mfg. & Design Ctr. Local Dev. Corp., 262 AD2d 539; Eccleston v Berakha, 233 AD2d 417).
Under this principle, TCM and Tricon cannot recover any legal expenses incurred in prosecuting their application for common-law indemnification against Advanced (see Chapel v Mitchell, 84 NY2d at 348). Thus, to the extent they sought to recover any such expenses, we agree with the denial of that branch of their motion (see Perez v Spring Cr. Assoc., 283 AD2d at 627).
TCM and Tricon were sued by Pier 1 in separate third-party complaints on a theory of contractual indemnification. We do not read the rule in Chapel v Mitchell as permitting TCM and Tricon to recover from Advanced, under a theory of common-law indemnification, the legal expenses they incurred, as third-party defendants, in defending against Pier 1's causes of action for contractual indemnification (see Chapel v Mitchell, 84 NY2d at 347). Thus, to the extent they sought to recover any such expenses, we agree with the denial of that branch of their motion.
However, we reach a different conclusion with respect to TCM and Tricon's request to recover the reasonable costs they incurred in defending Pier 1 in the main action. Pier 1 was a defendant in the main action and was held vicariously liable to the injured plaintiff under Labor Law § 240(1). Had Pier 1 paid for its own legal expenses in defending the main action, it would have been entitled to recover such expenses from the party actually at fault, namely, Advanced, under principles of common-law indemnification (see Chapel v Mitchell, 84 NY2d at 347-348; Perez v Spring Cr. Assoc., 283 AD2d at 627; Nos v Greenpoint Mfg. & Design Ctr. Local Dev. Corp., 262 AD2d 539). The fact that TCM and Tricon were contractually obligated to pay for Pier 1's legal defense in the main action does not mean that Advanced should enjoy a windfall; rather, the equitable doctrine of subrogation permits those who actually incurred the expense to obtain [*2]reimbursement from the party whose negligence was responsible for the loss (see American Ref-Fuel Co. of Hempstead v Resource Recycling, 307 AD2d 939, 942). Thus, that branch of the motion of TCM and Tricon which was to recover from Advanced the reasonable costs they incurred in defending Pier 1 in the main action should have been granted, and the matter must be remitted to the Supreme Court, Kings County, to determine the amount of the reasonable costs incurred by TCM and Tricon in defending Pier 1 in the main action.
Tricon's remaining contention is without merit.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court