■ STANLEY ROSENZWEIG et al., Plaintiffs, v MANUEL GOMEZ et al., Defendants. DAVID B. JACOBS, Nonparty Appellant. [672 NYS2d 907] —In an action to recover damages for personal injuries, etc., nonparty David B. Jacobs appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated March 27, 1997, as, upon reargument, adhered to its original determination which, without a hearing, granted him an attorney's fee in the amount of only $3,000.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of the amount of the attorney's fee to be awarded to the appellant.

A suspended attorney may be compensated on a quantum meruit basis for legal services rendered, as well as for disbursements which he or she may have incurred prior to the effective date of the suspension (see, 22 NYCRR 691.10 [b]). The amount of the award should be based upon evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services (see, Potts v Hines, 144 AD2d 189; see also, Matter of Smith, 131 AD2d 913, 914; Jordan v Freeman, 40 AD2d 656).

It was improper for the court to determine the amount of compensation without a hearing. Therefore, the matter is remitted to the Supreme Court for a hearing to determine the amount of the attorney's fee to be awarded, at which time the court may consider further and more specific evidence of the work performed by the appellant prior to his suspension from the practice of law, as reflected by the file which is currently in the possession of the successor counsel. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.