[713 NYS2d 222]

In the Matter of JAMES LYSAGHT (Admitted as JAMES JOHN LYSAGHT), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 18, 2000

APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset, for petitioner.

*Robert J. Avallone,* Melville, for respondent.

## OPINION OF THE COURT

Per Curiam.

On June 30, 1998, the respondent was sentenced by the United States District Court for the Southern District of New York to 27 months imprisonment upon his conviction, after a trial, of two counts of racketeering conspiracy, a Federal felony, in violation of 18 USC § 1962. The respondent's conviction, which was affirmed by the United States Court of Appeals for the Second Circuit on March 30, 2000 (*see, United States v Zichettello,* 208 F3d 72), arose out of a scheme in which his law firm paid more than $400,000 in cash bribes to officials of the Transit Police Benevolent Association in exchange for more than $2 million in legal and consulting fees.

Penal Law § 180.15 provides "A person is guilty of bribing a labor official when, with intent to influence a labor official in respect to any of his acts, decisions or duties as such labor official, he confers, or offers or agrees to confer, any benefit upon him. Bribing a labor official is a class D felony."

In view of the decision of the Second Circuit, the respondent is guilty of bribing a labor official as an accomplice (*see,* Penal Law § 20.00). Therefore, upon his conviction, the respondent ceased to be an attorney and counselor-at-law (*see,* Judiciary Law § 90 [4] [a]).

Accordingly, the motion is granted to the extent that the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, and the motion is otherwise denied.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and SULLIVAN, JJ., concur.

Ordered that the motion is granted to the extent that the respondent is disbarred, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James Lysaght, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James Lysaght is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.