■ SEAN CASEY, Appellant, v PAUL RUFFINO et al., Defendants. DECOLATOR, COHEN & DiPRISCO, LLP, Nonparty Appellant; LYSAGHT, LYSAGHT AND KRAMER, P.C., et al., Nonparty Respondents. [760 NYS2d 537] —In an action to recover damages for personal injuries, the plaintiff and the nonparty Decolator, Cohen & DiPrisco, LLP, appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered December 23, 2002, which, upon a decision and an order of the same court dated May 3, 2002, and June 3, 2002, respectively, made after a hearing, awarding the nonparty Lysaght, Lysaght & Kramer, P.C., a percentage share of the attorney's fees in the action, is in favor of Lysaght, Lysaght & Kramer, P.C., and against Decolator, Cohen & DiPrisco, LLP, in the principal sum of $9,364.23.

Ordered that the notice of appeal from the order dated June 3, 2002, is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal by the plaintiff is dismissed, as he is

not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the nonparty Decolator, Cohen & DiPrisco, LLP, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new hearing in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to Decolator, Cohen & DiPrisco, LLP.

In October 1996, this personal injury action was commenced by the law firm of Lysaght, Lysaght & Kramer, P.C. (hereinafter LLK) on behalf of the plaintiff, Sean Casey. Casey retained LLK on a contingency basis. On January 26, 1998, Peter Kramer and James Lysaght, then the sole principals and shareholders of LLK, were found guilty of conspiracy under the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962), following a criminal trial in the United States District Court. As a result of that conviction they were disbarred by operation of law (*see Matter of Lysaght,* 275 AD2d 97 [2000]; *Matter of Kramer,* 275 AD2d 100 [2000]).

On February 3, 1998, LLK entered into a written contract with the newly-formed law firm of Trager, Cronin & Byczek, LLP (hereinafter TCB), pursuant to which TCB purchased, inter alia, all of LLK's rights and interests in this action. The plaintiff subsequently changed attorneys twice, first on March 18, 1998, to TCB, and then on May 29, 1998, to Decolator, Cohen & DiPrisco, LLP (hereinafter DCD). After this action was settled for $65,000, a hearing was directed to determine the fee to be awarded to TCB. Immediately before the fee hearing, Cronin and Byczek, LLP, the successor to TCB, assigned to LLK, now headed by Linda Nunziato, all of its right, title, and interest in, inter alia, this action. It is undisputed that TCB did only a de minimis amount of work on the file while it was the plaintiff's attorney, and the remainder of the work was done by LLK and DCD.

Following the fee hearing, the Supreme Court determined that LLK was entitled to two thirds of the attorney's fee in the case, after deducting a forwarding fee payable to the referring attorney. This appeal ensued.

We agree with DCD that the hearing court applied the incorrect standard in fixing the fee to be awarded to LLK, essentially for the work it did prior to the disbarment of its then-principals. A disbarred attorney may only be compensated on a quantum meruit basis for the legal services rendered, as well as for disbursements which the attorney may have incurred

prior to the effective date of suspension or disbarment (*see* 22 NYCRR 691.10 [b]; *see also Rosenzweig v Gomez,* 250 AD2d 664 [1998]). "The amount of the award should be based upon evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services" (*Rosenzweig v Gomez, supra* at 664; *see Potts v Hines,* 144 AD2d 189, 190 [1988]).

In determining the fee to be awarded to LLK under the circumstances of this case, the hearing court was required to determine the fee on a quantum meruit basis—that is, based upon the number of hours worked and LLK's hourly rate without reference to the work performed by successor counsel (*see Rosenzweig v Gomez, supra; Potts v Hines, supra; see also Neals v Cox,* 240 AD2d 380 [1997]; *Sparks v Barry's Plumbing & Heating Corp.,* 230 AD2d 606 [1996]; *but see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer,* 304 AD2d 86 [2003]). Instead, while citing to the factors set out in *Rosenzweig v Gomez* (*supra*), the hearing court fixed LLK's fee as a percentage of the contingency fee awarded in the case. Accordingly the judgment must be reversed insofar as appealed from by DCD, the order vacated, and the matter remitted to the Supreme Court, Kings County, for a new hearing on the issue of the quantum meruit fee to be awarded based solely on the work performed by LLK.

The parties' remaining contentions are without merit. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.