OPINION OF THE COURT
Eileen N. Nadelson, J.
This motion and cross motion for summary judgment raises a *493 question of first impression under the regulations enacted pursuant to New York’s No-Fault Insurance Law.
Plaintiff sued defendant insurer to recover for first-party benefits under New York’s No-Fault Law. In support of its claim, plaintiff submitted proof of claim to defendant, including its proof of mailing. Plaintiff alleges that defendant failed to pay or deny its claim within 30 days as required by the No-Fault Law, nor has defendant requested additional verification. Under such circumstances, plaintiff asserts that defendant is precluded from raising a defense to its claim. (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997].) Therefore, plaintiff moved this court for summary judgment pursuant to CPLR 3211.
In opposition to plaintiffs motion, defendant raised several issues, all of which have been dealt with during oral argument, leaving only one issue to be decided by the court. Defendant maintains that it does not have to pay the claim because plaintiff is not currently registered with the New York State Department of Education. This argument forms the basis of defendant’s cross motion for summary judgment. Plaintiff’s counsel has represented that plaintiff, although not currently registered, was registered at the time the services that form the basis of this claim were provided.
Therefore, the issue to be determined by the court is: Whether a health care provider who is registered with the New York State Department of Education at the time services are provided may recover the value of those services under New York’s No-Fault Insurance Law if the provider is no longer registered at the time payment for those services is sought?
11 NYCRR 65-3.16 (a) (12) states:
“A provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.”
To date, this section of the regulation has not been subject to judicial scrutiny.
The words of the statute would appear to be clear on its face: licensed to “perform such service.” However, without any other direct interpretation of this regulation, the court must look to other circumstances in which the judiciary has determined similar issues.
*494 Section 691.10 (b) of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York, dealing with the conduct of attorneys, states that “[a] disbarred, suspended or resigned attorney may be compensated ... for legal services rendered and disbursements incurred by him prior to the effective date of the disbarment or suspension order or of his resignation.”
The rationale behind this regulation is that the services were provided by the attorney when he or she was licensed, and therefore the attorney is entitled to appropriate compensation for the work the attorney legally performed. (See generally, Casey v Ruffino, 306 AD2d 304 [2d Dept 2003]; Lee v Hayt, Percy & Mermelstein, 4 Misc 3d 1012[A], 2004 NY Slip Op 50853[U] [2004].)
Further, under general principles of contract law, it is well settled that contracts made by private parties must necessarily be construed in the light of the applicable law at the time of their execution. (10 NY Jur 2d, Contracts § 204, at 112; see City of Troy Unit of Rensselaer County Ch. of Civ. Serv. Empls. Assn. v City of Troy, 36 AD2d 145 [3d Dept 1971].) Generally, therefore, the validity of a contract will depend upon the law as it existed at the time it was made. (Goldfarb v Goldfarb, 86 AD2d 459 [2d Dept 1982].) The only exception to this rule occurs if there is a variation in the law that is made due to changes in public policy. Otherwise, the contract will be interpreted according to the law in effect at the time of its execution. (Bloomfield v Bloomfield, 97 NY2d 188 [2001].)
The court does not find any legislative intent that indicates it is against public policy to reimburse a medical provider for services rendered that were lawfully performed, regardless of the subsequent status of the medical provider.
Based on the foregoing, the court holds that a medical provider may be reimbursed for services rendered while he or she was registered and licensed to perform such services under section 65-3.16 (a) (12) of 11 NYCRR, even if the provider subsequently becomes unregistered.
Plaintiffs motion for summary judgment is granted. Defendant’s cross motion for summary judgment is denied.