[815 NYS2d 173]

FABIAN PADILLA et al., Plaintiffs, v LINDA C. SANSIVIERI et al., Defendants. CHRISTOPHER S. OLSON, Nonparty Appellant-Respondent; GEORGE R. BISSEL, as Executor of ROBERT F. MALERBA, Nonparty Respondent-Appellant.

Second Department, May 9, 2006

### APPEARANCES OF COUNSEL

*Lazer, Aptheker, Rosella & Yedid, P.C.*, Melville (*David Lazer* and *Russell Penzer* of counsel), for appellant-respondent.

*Pliskin, Rubano & Baum*, Flushing (*Joseph Baum* of counsel), for respondent-appellant.

### OPINION OF THE COURT

RITTER, J.P.

This case involves an award of an attorney's fee to outgoing counsel in a fee dispute between incoming and outgoing counsel in a personal injury action that was settled after outgoing counsel was disbarred for conduct unrelated to the case. We hold that compensation to disbarred outgoing counsel is limited to a portion of the contingent fee calculated according to the rule of quantum meruit.

Under this Court's rules, a disbarred attorney may recover legal fees for services rendered prior to disbarment (*see* 22 NYCRR 691.10 [b]). However, such fees are capped by the rule of quantum meruit, and no private agreement as to compensation is binding on the court. An award in quantum meruit should in all cases reflect the court's assessment of the qualitative value of the services rendered, made after weighing all relevant factors considered in valuing legal services. An agreement as to compensation is one such factor. Further, an agreement as to compensation will provide guidance as to the most appropriate method by which to compute an award in quantum meruit; that is, for example, whether compensation should be fixed as a portion of a contingent fee, or should be calculated based on the number of hours worked times a reasonable hourly rate. In the case under review, a personal injury action in which all relevant agreements provided for a compensation on a contingent fee basis, we hold that compensation to disbarred outgoing counsel should be fixed in quantum meruit as a portion of the contingent fee.

The relevant facts may be summarized as follows: In 1991 outgoing counsel, the late Robert F. Malerba, was a partner and incoming counsel, Christopher S. Olson, was an employee of the law firm of Malerba, Downes & Frankel (hereinafter MD&F).

At that time, Malerba, on behalf of MD&F, entered into a written agreement with Olson which provided for the division of attorney's fees between Olson and MD&F in the event that Olson left the firm and was thereafter retained by any of the firm's clients (hereinafter the 1991 Agreement). The plaintiffs retained MD&F in 1992 on a contingent fee basis, and the firm commenced this personal injury action in 1993 (hereinafter the underlying action).

In February 1999 Olson left MD&F. In May 1999 he was retained by the plaintiffs to continue the prosecution of the underlying action. At that point, the case had been placed on the trial calendar. Also in May 1999, Malerba was sentenced in the United States District Court for the Eastern District of New York upon his plea of guilty to a charge of conspiracy to commit mail fraud. In March 2000 he was disbarred (see Matter of Malerba, 268 AD2d 25 [2000]). In January 2001 the underlying action was settled by Olson for approximately $1.7 million.

After the settlement, Olson sought a determination as to the amount, if any, of attorney's fees owed to Malerba. Olson argued that Malerba was entitled to no further compensation due to his disbarment or, alternatively, to compensation based on quantum meruit only. Malerba cross-moved for an award of compensation fixed as a portion of the contingent fee calculated based on percentages set forth in the 1991 Agreement. The Supreme Court awarded Malerba a portion of the contingent fee calculated pursuant to the terms of the 1991 Agreement. We modify.

The rules of this Court provide:

> "A disbarred, suspended or resigned attorney may not share in any fee for legal services performed by another attorney during the period of his removal from the bar. A disbarred, suspended or resigned attorney may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred by him prior to the effective date of the disbarment or suspension order or of his resignation" (22 NYCRR 691.10 [b]).

Thus, here, compensation to Malerba is capped by the rule of quantum meruit, and the agreement between Malerba and Olson as to the division of the contingent fee is not binding on the court (see Casey v Ruffino, 306 AD2d 304 [2003]). However, given that Malerba undertook the underlying personal injury action on a contingent fee basis, and that the

agreement between Malerba and Olson provided for an apportionment of the contingent fee, it is appropriate to calculate the award to Malerba as a portion of the contingent fee. In fixing an award of legal fees to Malerba in quantum meruit, the court should consider "evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services" (*Rosenzweig v Gomez,* 250 AD2d 664 [1998]; *see also* Code of Professional Responsibility DR 2-106 [b] [22 NYCRR 1200.11 (b)]). The court should also consider the agreement between Malerba and Olson. Although the agreement is not binding on the court, or determinative of the quantum meruit value of Malerba's services, it is some evidence of, inter alia, the parties' own assessment of their respective contributions.

Our determination in *Casey v Ruffino (supra)* should not be read to limit quantum meruit compensation to a calculation based on the number of hours worked multiplied by a reasonable hourly rate. In *Casey v Ruffino,* the parties themselves presented the issue of compensation to the disbarred attorneys as a choice between compensation on a quantum meruit basis and compensation on a contingent fee basis calculated pursuant to the terms of an agreement between the attorneys. Thus, it was the parties in *Casey* that drew a dichotomy between compensation on a quantum meruit basis and on a contingent fee basis, and we rejected the latter only in that context. In any event, such a limitation should not be followed. Neither controlling case law nor the plain meaning of the phrase quantum meruit ("as much as he deserves") precludes the calculation of compensation to a disbarred attorney as a portion of a contingent fee. Indeed, there is case law expressly recognizing that the calculation of an award of legal fees as a portion of a contingent fee and based on an hourly rate are both properly fixed as quantum meruit determinations (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 459 [1989]; *Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer,* 304 AD2d 86 [2003]; *Matter of Cordes v Purcell, Fritz & Ingrao,* 89 AD2d 870 [1982]; *Paulsen v Halpin,* 74 AD2d 990 [1980]; *Reubenbaum v B. & H. Express,* 6 AD2d 47 [1958]). Further, in either case, the relevant factors to be weighed (*Rosenzweig v Gomez, supra*) are equally applicable, and the disbarred attorney will be awarded only those fees earned prior to disbarment (*cf.*

*Posner v Messinger,* 197 AD2d 508 [1993]). Thus, calculation of compensation under either method will not run afoul of the prohibition against a disbarred attorney sharing in a fee earned for legal services performed by another attorney after disbarment (*id.*). Finally, although there are some cases arising in the context of compensation to an outgoing attorney who has not resigned, been disbarred, or been suspended, which appear to use the phrase quantum meruit as a shorthand manner of describing compensation other than on a contingent fee basis (*see e.g. Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 659-660 [1993]; *Martucci v Brooklyn Children's Aid Socy.,* 284 NY 408 [1940]; *Matter of Gary E. Rosenberg, P.C. v McCormack,* 250 AD2d 679 [1998]; *Neals v Cox,* 240 AD2d 380 [1997]; *Schneebalg v Lincoln Sec. Life Ins. Co.,* 225 AD2d 684 [1996]), we do not read these cases as announcing a definition of quantum meruit that is limited to attorney compensation calculated by hourly rates. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and determination as to what portion of the contingent fee in this case should be awarded Malerba in quantum meruit.

Accordingly, the order is modified, on the law, by (1) deleting the provision thereof, in effect, denying that branch of Olson's motion which was to fix the attorney's fee of Malerba in quantum meruit, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof, in effect, granting Malerba's cross motion to fix his attorney's fee pursuant to an agreement between counsel dated February 1, 1991, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

SPOLZINO, FISHER and DILLON, JJ., concur.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof, in effect, denying that branch of the motion of Christopher S. Olson which was to fix the attorney's fee of Robert F. Malerba in quantum meruit, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof, in effect, granting the cross motion of Robert F. Malerba to fix his attorney's fee pursuant to an agreement between counsel dated February 1, 1991, and

substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.