■ Eileen DeGregorio, Appellant, v Joel C. Bender et al., Defendants. Curtis & Associates, P.C., Nonparty Respondent. [860 NYS2d 193]—

In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Friedman, J.H.O.), entered October 20, 2006, which, after a hearing, and upon a decision of the same court dated September 28, 2006, awarding the nonparty, Curtis & Associates, P.C., an attorney's fee based on quantum meruit, is in favor of Curtis & Associates, P.C., and against her in the total sum of $94,017.70.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith, including a new hearing and determination before a different Judicial Hearing Officer.

In December 2001 the appellant retained the nonparty Curtis & Associates, P.C. (hereinafter Curtis) to represent her in the instant legal malpractice action against her former matrimonial attorney. In February 2004 the underlying complaint in the legal malpractice action was dismissed by decision and order of this Court (see DeGregorio v Bender, 4 AD3d 384 [2004]). Thereafter, the Supreme Court granted Curtis' motion for a quantum meruit hearing to determine the fair and reasonable value of the legal services rendered to the appellant. Following the hearing, the court awarded Curtis legal fees in the sum of $94,017.70. We reverse.

In fixing an award of legal fees in quantum meruit, the court should consider "evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services" (Rosenzweig v Gomez, 250 AD2d 664 [1998]; see Code of Professional Responsibility DR 2-106 [b] [22 NYCRR 1200.11 (b)]). An award in quantum meruit should be made after weighing all the relevant factors (see Padilla v Sansivieri, 31 AD3d 64, 65 [2006]). Here, the hearing court failed to consider and give appropriate weight to all the relevant factors involved in valuing legal services, including the court's own finding of ethical violations committed by Curtis.

Consequently, we remit the matter to the Supreme Court, Westchester County, for further proceedings before a different Judicial Hearing Officer.

In light of our determination, we need not reach the appellant's remaining contentions. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.