11-2272-bk (L)
In re Emanuel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT:  BARRINGTON D. PARKER,
                REENA RAGGI,
                RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*
-----------------------------------------------------------------------
IN RE: RUBY G. EMANUEL,
                         *Debtor.*
-----------------------------------------------------------------------
KENNETH HELLER,
                         *Appellant,*

                    v.                                    Nos. 11-2272-bk (L);
                                                                11-2716-bk (Con)

RUBY G. EMANUEL,
                         *Debtor-Appellee.*\*
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        KENNETH HELLER, *pro se*, New York, New
                                              York.

---

\* The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEE:	MICHAEL S. FELDMAN, Jacoby & Meyers, LLP, New York, New York; Lawrence D. Lissauer, Robert J. Camera, James W. Shuttlesworth, III, George A. Kohl, II, Finklestein & Partners, LLP, Newburgh, New York.

Appeals from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*) affirming an order of the United States Bankruptcy Court for the Southern District of New York (Stuart M. Bernstein, *Chief Bankruptcy Judge*), and from the district court's order denying reconsideration.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 28, 2011, and order entered on April 20, 2011, are AFFIRMED.

Pro se appellant Kenneth Heller, a former attorney who represented debtor Ruby Emanuel in a wrongful death action in New York State court until he was disbarred in 2004, see In re Heller, 9 A.D.3d 221, 780 N.Y.S.2d 314 (1st Dep't 2004), appeals from a judgment affirming the bankruptcy court's order denying his Chapter VII claim for attorney's fees, and from an order denying reconsideration. "In an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous [and] reviewing its conclusions of law de novo." In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted). Applying that standard here, we assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

1.      Settlement Approval

As a threshold matter, we lack jurisdiction to review Heller's challenge to the bankruptcy court's November 2008 order approving Emanuel's $3.65 million settlement of the wrongful death action because Heller's January 2010 notice of appeal was untimely as to that order by over a year. See Fed. R. Bankr. P. 8002(a) (requiring notice of appeal to be filed within 14 days of entry of bankruptcy court order or judgment); In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) (holding time limit imposed by Fed. R. Bankr. P. 8002(a) to be jurisdictional).

2.      Denial of Attorney's Fees

We review the bankruptcy court's denial of attorney's fees for abuse of discretion and identify none here. See In re Bayshore Wire Prods. Corp., 209 F.3d 100, 103 (2d Cir. 2000). Whether 11 U.S.C. § 330 or New York law on quantum meruit controlled the challenged decision, the bankruptcy court properly denied Heller's fee application.[1]

---

[1] For our purposes, there appears to be no substantive difference between the two standards.  Compare 11 U.S.C. § 330(a)(3) (providing that professionals may be compensated for services provided in bankruptcy proceedings based on, inter alia, "time spent"; "rates charged"; whether the services were "beneficial" to the bankruptcy case when rendered, and "performed within a reasonable amount of time"; whether the professional demonstrated skill and experience; and whether the requested amount is "reasonable based on the customary compensation charged by comparably skilled practitioners"), with Rosenzweig v. Gomez, 250 A.D.2d 664, 664, 672 N.Y.S.2d 907, 908 (2d Dep't 1998) (stating that disciplined attorney may recover compensation in quantum meruit for services provided depending on "evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services").

3

Heller argues that he was entitled to a substantial award of fees because he was a "pre-eminent, superbly qualified, maritime lawyer," "expended an incredible amount of effort and funds," and "laid the entire groundwork for [the] settlement." Appellant Br. at 49-50. Because Heller's conclusory assertions lack any credible evidentiary support in the record, we identify no clear error in the bankruptcy court's finding that Heller failed to establish the time he worked on Emanuel's wrongful death suit. Heller refused to testify at an evidentiary hearing held for that purpose, and the bankruptcy court found the witness who testified on his behalf entirely unworthy of belief. Nor did the bankruptcy court clearly err in finding that Heller failed to demonstrate that his representation was beneficial to Emanuel's case, where the verdict he obtained for Emanuel at trial was vacated on appeal. Further, the bankruptcy court acted within its discretion in finding that Heller's post-disbarment refusal to turn over case files to Emanuel's substitute counsel in contravention of a New York State court order prejudiced Emanuel. Under these circumstances we identify no error in the bankruptcy court's refusal to award Heller any attorney's fees.

3. Other Issues

Because we affirm the bankruptcy court's decision to deny Heller attorney's fees, we need not consider his challenges to the fees awarded to substitute counsel as Heller has no interest affected by that award. See In re DBSD N. Am., Inc., 634 F.3d 79, 88-89 (2d Cir. 2011). Further, Heller has abandoned any challenge to the district court's denial of his motion for reconsideration by failing to raise any such challenge in his appellate brief. See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 n.5 (2d Cir. 2011).

4

4.      Sanctions

Emanuel moves for sanctions, arguing that Heller has harassed her by filing frivolous motions and applications with various courts. The district court denied a similar sanctions application filed by Emanuel, but Emanuel did not cross-appeal. See generally Rangolan v. Cnty. of Nassau, 370 F.3d 239, 254 (2d Cir. 2004) (noting that this court rarely disregards party's failure to file cross-appeal). Nor does Emanuel point to any new or distinct harassment on appeal that would warrant our imposing sanctions on Heller in the first instance.

5.      Conclusion

We have considered Heller's other arguments on appeal and find them to be without merit. Accordingly, the district court's judgment affirming the bankruptcy court order and the district court order denying reconsideration are AFFIRMED, the motion for sanctions is DENIED, and the motion to strike portions of the appendix is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5