■ ROBERT ANGOTTA, Plaintiff, v SCOTT D. ZELEZNY, Defendant. SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO, P.C., Nonparty Appellant; BRODY, O'CONNOR & O'CONNOR, Nonparty Respondent. [975 NYS2d 893]—

In an action to recover damages for personal injuries, nonparty Sullivan Papain Block McGrath & Cannavo, P.C., the plaintiff's current counsel, appeals (1) from an order of the Supreme Court, Suffolk County (Rebolini, J.), entered April 6, 2012, which granted the motion of nonparty Brody, O'Connor & O'Connor, the plaintiff's former counsel, for an award of an attorney's fee, and directed it to pay nonparty Brody, O'Connor & O'Connor the sum of $4,333.33, representing 65% of the total amount of the attorney's fee held in escrow, and (2), as limited by its brief, from so much of an amended order of the same court, dated August 23, 2012, as granted that branch of the motion of nonparty Brody, O'Connor & O'Connor which was to adjust the previous award of an attorney's fee to reflect 65% of the correct total amount in escrow, and directed it to pay nonparty Brody, O'Connor & O'Connor the sum of $5,134.84, representing 65% of the corrected total amount of the attorney's fee held in escrow.

Ordered that the appeal from the order entered April 6, 2012, is dismissed, as that order was superseded by the amended order dated August 23, 2012; and it is further,

Ordered that the amended order dated August 23, 3012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to nonparty Brody, O'Connor & O'Connor.

The contention of Sullivan Papain Block McGrath & Can-

navo, P.C., the plaintiff's current counsel (hereinafter the appellant), that the plaintiff discharged his former counsel, Brody, O'Connor & O'Connor (hereinafter the respondent), for cause, which was not raised before the Supreme Court, is not properly before this Court (*see Matter of Benjamin E. Setareh, P.C. v Cammarasana & Bilello Esqs.*, 35 AD3d 600 [2006]; *Hildreth-Henry v Henry*, 27 AD3d 419, 420 [2006]; *Gomez v Bicknell*, 302 AD2d 107, 115 [2002]).

Contrary to the appellant's contention, the Supreme Court did not determine that the respondent was entitled to an attorney's fee based upon a charging lien pursuant to Judiciary Law § 475. Rather, the Supreme Court properly awarded the respondent an attorney's fee in quantum meruit (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458-459 [1989]; *Matter of Queller, Fisher, Washor, Fuchs & Kool, LLP v Law Offs. of Lawrence P. Biondi*, 94 AD3d 1127 [2012]).

The Supreme Court properly awarded the respondent 65% of the total attorney's fee held in escrow by the appellant based upon the " 'evidence of the time and skill required in [the] case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services' " (*Padilla v Sansivieri*, 31 AD3d 64, 67 [2006], quoting *Rosenzweig v Gomez*, 250 AD2d 664, 664 [1998]). Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur.