# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

80

CA 13-01158

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DONALD E. KEINZ, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

PETER M. HOBAICA, LLC, DEFENDANT-RESPONDENT.

---

KERNAN AND KERNAN, P.C., UTICA (LEIGHTON R. BURNS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PETER M. HOBAICA, LLC, UTICA (ROBERT F. JULIAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered September 6, 2012. The judgment, among other things, dismissed the amended complaint after a bench trial.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the amended complaint insofar as it seeks declaratory relief and granting judgment in favor of defendant as follows:

It is ADJUDGED and DECLARED that, as of June 22, 2010, defendant is no longer obligated to pay, as set forth in paragraph two of the parties' agreement dated November 2, 2006, any portion of fees earned,

and as modified the judgment is affirmed without costs.

Memorandum: Defendant purchased plaintiff's law practice pursuant to the parties' agreement dated November 2, 2006 (agreement). On June 22, 2010, plaintiff resigned from the practice of law (*Matter of Keinz*, 75 AD3d 1113, 1113), and defendant thereafter ceased making certain payments under the agreement. Plaintiff commenced this action seeking a judgment declaring that defendant is obligated to pay plaintiff, in accordance with the agreement, 50% of the net income derived by defendant from clients of plaintiff's former firm. Plaintiff amended his complaint to assert a second cause of action for reformation of the agreement to reflect that the payments at issue were part of the purchase price of the practice, not an agreement to share fees.

We conclude that Supreme Court properly resolved the merits of the first and second causes of action in favor of defendant, but erred

in dismissing the amended complaint insofar as it seeks declaratory relief "rather than declaring the rights of the parties" (*Alexander v New York Cent. Mut.*, 96 AD3d 1457, 1457; *see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).  We therefore modify the judgment accordingly.

The court's determination that the payments at issue were part of a fee sharing arrangement, rather than a portion of the purchase price of plaintiff's former practice, is consistent with "a fair interpretation of the evidence" (*Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170), and we see no reason to disturb that determination.  Furthermore, because plaintiff resigned from the practice of law, he is no longer permitted to "share in any fee for legal services rendered by another attorney during the period of . . . removal from the roll of attorneys" (22 NYCRR 1022.27 [e]).  The provision of the agreement providing for the payments at issue is therefore not binding (*cf. Padilla v Sansivieri*, 31 AD3d 64, 66-67).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court