■ MURRAY BREIDBART et al., Appellants, v MELVIN L. WIESENTHAL et al., Defendants. MARSHALL G. KAPLAN, Nonparty Respondent. [985 NYS2d 719]—

In an action, inter alia, to compel partnership accountings

and a distribution of partnership assets, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), dated May 14, 2012, which, after a hearing, granted the motion of nonparty Marshall G. Kaplan, the plaintiffs' former attorney, to establish a charging lien pursuant to Judiciary Law § 475 in the sum of $81,354.52.

Ordered that the order is affirmed, with costs.

An attorney discharged without cause may recover the reasonable value of his or her services in quantum meruit (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *Schultz v Hughes*, 109 AD3d 895 [2013]). In fixing such an award, the court should consider evidence of the time and skill required in the case, the complexity of the matter, the attorney's experience, ability and reputation, the client's benefit derived from the services, and the fee usually charged by attorneys for similar services (*see Angotta v Zelezny*, 112 AD3d 570 [2013]; *DeGregorio v Bender*, 52 AD3d 645 [2008]; *SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986 [2006]; *Padilla v Sansivieri*, 31 AD3d 64, 67 [2006]). Here, the Supreme Court properly determined that the sum of $81,354.52 was a reasonable attorney's fee (*see NYCTL 1996-1 Trust v Stavrinos Realty Corp.*, 113 AD3d 602 [2014]; *Man Choi Chiu v Chiu*, 67 AD3d 975 [2009]; *Juste v New York City Tr. Auth.*, 5 AD3d 736 [2004]). Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.