■ RENA BIAGIONI, Plaintiff, v NARROWS MRI AND DIAGNOSTIC RADIOLOGY, P.C., Formerly Known as NARROWS MAGNETIC RESONANCE IMAGING, P.C., et al., Defendants. THOMAS A. STICKEL, Nonparty Appellant; CANDICE A. PLUCHINO, Nonparty Respondent. [6 NYS3d 588]—

In an action to recover damages for medical malpractice, nonparty Thomas A. Stickel, the plaintiff's former attorney, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 12, 2014, as, without a hearing, granted that branch of his motion which was to recover an attorney's fee based upon quantum meruit for the reasonable value of his services only to the extent of awarding him the sum of $2,000 to be paid by nonparty Candice A. Pluchino, the successor attorney.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing and, thereafter, a new determination of that branch of the nonparty appellant's motion which was to recover an attorney's fee based upon quantum meruit for the reasonable value of his services.

In January 2003, the plaintiff retained the nonparty appellant, Thomas A. Stickel (hereinafter the appellant), as her attorney. The plaintiff commenced this action by filing a summons and complaint and, thereafter, inter alia, served and filed an amended complaint adding an additional defendant. On October 5, 2006, the Appellate Division, First Department, suspended the appellant from the practice of law for an indefinite period on the ground that he suffered from a physical condition that made it impossible for him to adequately defend himself in an underlying disciplinary proceeding (*see Matter of Stickel*, 34 AD3d 139, 140 [2006]). In or about November 2006, the plaintiff retained the nonparty respondent, Candice A. Pluchino (hereinafter the respondent), to represent her in this action. It is undisputed that a settlement was reached in December 2007.

In July 2013, the appellant moved, inter alia, for an attorney's fee based upon quantum meruit and for reimburse-

ment of his disbursements for work performed on this matter prior to his suspension from the practice of law, to be paid by the respondent. The Supreme Court granted that branch of the motion which was for reimbursement of disbursements in the sum of $12,414.41, the full amount sought by the appellant. In addition, the court, without conducting an evidentiary hearing, granted that branch of the motion which was for an attorney's fee to the extent of awarding the appellant the sum of $2,000 on a quantum meruit basis.

To the extent relevant here, the rules of this Court provide, in 22 NYCRR 691.10 (b), that "[a] disbarred, suspended or resigned attorney may not share in any fee for legal services performed by another attorney during the period of his removal from the bar. A disbarred, suspended or resigned attorney may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred by him prior to the effective date of the disbarment or suspension order or of his resignation. The amount and manner of payment of such compensation and recoverable disbursements shall be fixed by the court on the application of either the disbarred, suspended or resigned attorney or the new attorney, on notice to the other as well as on notice to the client." (Emphasis omitted.)

This Court has recognized that an award of quantum meruit compensation under 22 NYCRR 691.10 (b) should not be limited to a calculation based on the number of hours worked multiplied by a reasonable hourly rate, but can also be calculated as a portion of a contingent fee (*see Padilla v Sansivieri*, 31 AD3d 64, 67 [2006]; *see also Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454 [1989]). In either case, a court must weigh the relevant factors, which include " 'evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services' " (*Padilla v Sansivieri*, 31 AD3d at 67, quoting *Rosenzweig v Gomez*, 250 AD2d 664, 664 [1998]; *see Angotta v Zelezny*, 112 AD3d 570, 571 [2013]). Indeed, "[a]n award in quantum meruit should in all cases reflect the court's assessment of the qualitative value of the services rendered, made after weighing all relevant factors considered in valuing legal services" (*Padilla v Sansivieri*, 31 AD3d at 65). Moreover, while not binding or determinative, a court should also consider any agreement outgoing and incoming counsel may have had regarding compensation (*see Padilla v Sansivieri*, 31 AD3d at 67).

Here, the record does not reveal any basis for determining that the Supreme Court's award to the appellant of $2,000 as an attorney's fee represented a reasonable award. Accordingly, this matter must be remitted to the Supreme Court, Kings County, for an evidentiary hearing and a new determination on that branch of the appellant's motion which was for an attorney's fee based upon quantum meruit (*see DeGregorio v Bender*, 52 AD3d 645, 646 [2008]; *TPZ Corp. v Winant Place Assoc.*, 308 AD2d 577, 578 [2003]; *Rosenzweig v Gomez*, 250 AD2d 664 [1998]; *Fernandez v New York City Health & Hosps. Corp.*, 238 AD2d 544, 545 [1997]).

The respondent's remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.