Sbc 2010-1, LLC v Smits Structure Corp. (2018 NY Slip Op 08522)





Sbc 2010-1, LLC v Smits Structure Corp.


2018 NY Slip Op 08522


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-02960
 (Index No. 605799/14)

[*1]SBC 2010-1, LLC, appellant, 
v
Smits Structure Corp., defendant, Meyer, Suozzi, English & Klein, P.C., respondent.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne, Joshua Brookstein, and Jonathan D. Gottlieb of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Robert N. Zausmer and Jack Rubinstein of counsel), respondent pro se.



DECISION & ORDER
In an action to recover the proceeds of certain tax refunds, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered March 14, 2016. The order, after a hearing to determine the amount of a reasonable attorney's fee to be awarded to the defendant Meyer, Suozzi, English & Klein, P.C., in quantum meruit, in effect, granted that branch of that defendant's cross motion which was for an award of an attorney's fee and awarded an attorney's fee to that defendant in the sum of $52,569.07.
ORDERED that the order is affirmed, with costs.
In fixing an award of legal fees in quantum meruit, a court should consider evidence of the time and skill required in the case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit derived from the services, and the fee usually charged by attorneys for similar services (see Breidbart v Wiesenthal, 117 AD3d 766, 767; Angotta v Zelezny, 112 AD3d 570; DeGregorio v Bender, 52 AD3d 645; Padilla v Sansivieri, 31 AD3d 64, 67). "Quantum meruit compensation is not limited to a calculation based on the number of hours worked multiplied by a reasonable hourly rate" (Gould v Decolator, 131 AD3d 445, 447; see Padilla v Sansivieri, 31 AD3d at 67). The calculation of an award of legal fees as a portion of a contingent fee and based on an hourly rate are both properly fixed as quantum meruit determinations (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 459; Padilla v Sansivieri, 31 AD3d at 67; Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86). In either event, an award in quantum meruit should be made after weighing all the relevant factors (see DeGregorio v Bender, 52 AD3d at 646; Padilla v Sansivieri, 31 AD3d at 65).
After a hearing, the Supreme Court determined that an award of $52,569.07 to the defendant Meyer, Suozzi, English & Klein, P.C., was reasonable based on the time spent, the skill required, the complexity of the matter, the benefit accruing to the plaintiff from the work performed, the contingent fee retainer agreement with the property's prior owner, and the customary fee charged. [*2]Contrary to the plaintiff's contention, there is no basis in the record to disturb the court's determination.
CHAMBERS, J.P., ROMAN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court