Ragland v Molloy (2020 NY Slip Op 03933)





Ragland v Molloy


2020 NY Slip Op 03933


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-12716
 (Index No. 600576/16)

[*1]James C. Ragland, respondent,
v
Katelyn M. Molloy, et al., defendants; Eliot F. Bloom, nonparty-appellant.


Arthur T. Walsh, Mineola, NY, for nonparty-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Eliot F. Bloom appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered April 26, 2018. The order denied his motion to be compensated on a quantum meruit basis for legal services rendered in this action on behalf of the plaintiff.
ORDERED that the order is reversed, on the law, with costs, the motion of nonparty Eliot F. Bloom is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of fees due to nonparty Eliot F. Bloom on a quantum meruit basis.
The nonparty-appellant, a suspended attorney, contends that he is entitled to legal fees in quantum meruit for work performed on behalf of the plaintiff in this personal injury action prior to his suspension from the practice of law; the suspension was unrelated to his representation of the plaintiff in this action. The Supreme Court should have granted the appellant's motion for that relief.
22 NYCRR 1240.15(g) of the rules for attorney disciplinary matters provides as follows: "Compensation. A respondent who has been disbarred or suspended from the practice of law may not share in any fee for legal services rendered by another attorney during the period of disbarment or suspension but may be compensated on a quantum meruit basis for services rendered prior to the effective date of the disbarment or suspension. On motion of the respondent, with notice to the respondent's client, the amount and manner of compensation shall be determined by the court or agency where the action is pending or, if an action has not been commenced, at a special term of the Supreme Court in the county where the respondent maintained an office. The total amount of the legal fee shall not exceed the amount that the client would have owed if no substitution of counsel had been required" (emphasis added).
In determining an award of quantum meruit compensation, a court must weigh the relevant factors, which include evidence of the time and skill required in that case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit from the services, and the fee usually charged by other attorneys for similar services (see Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d 800, 801). "An award in quantum meruit should in all cases reflect the court's assessment of the qualitative value of the services rendered, made after weighing all relevant factors considered in valuing legal services" (Padilla v Sansivieri, 31 AD3d 64, 65; see DeGregorio v Bender, 52 AD3d 645). Moreover, while not binding or determinative, a court should also consider any agreement outgoing and incoming counsel may have had regarding compensation (see Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d at 801).
We disagree with the Supreme Court's determination that the appellant failed to give notice to the plaintiff of the appellant's application for compensation to him on a quantum meruit basis for services rendered to the plaintiff in this action, as the affidavit of service in the record shows that the plaintiff was given such notice. Nonetheless, the plaintiff's portion of the settlement proceeds received after legal fees were deducted remains unaffected by the appellant's claim for an award of fees in quantum meruit, as the amount of the legal fees owed by the plaintiff is capped by the applicable court rule so as not to exceed the contingency fee percentage agreed to by the plaintiff (see 22 NYCRR 1240.15[g]).
The appellant and Cheryl Bartow, the attorney to whom the appellant referred this action upon his suspension, are in dispute as to whether they had a fee-sharing agreement in place for this action. However, even assuming that there was no such agreement, the appellant is not precluded from seeking the recovery of fees on a quantum meruit basis against Bartow (see Matter of Grossbarth v Dankner, Milstein & Ruffo, P.C., 157 AD3d 681).
In his affidavit in support of his motion for quantum meruit compensation, the appellant set forth his experience and skill and outlined his efforts on behalf of the plaintiff in this personal injury action prior to his suspension. In opposition, Bartow disputed the appellant's account of the time and effort he put forth in this matter. Consequently, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the amount of attorney's fees to be awarded to the appellant in quantum meruit, upon weighing the relevant factors (see DeGregorio v Bender, 52 AD3d at 646; Padilla v Sansivieri, 31 AD3d at 66-68; Rosenzweig v Gomez, 250 AD2d 664).
In light of our determination, we need not reach the appellant's remaining contentions.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court