Goldenberg v Friedman (2021 NY Slip Op 00546)





Goldenberg v Friedman


2021 NY Slip Op 00546


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02752
 (Index No. 34866/16)

[*1]Eugene Goldenberg, et al., respondents,
v
Chaim Friedman, et al., appellants.


Ellen O'Hara Woods, New City, NY, for appellants.
Condon & Mara, PLLC, Nanuet, NY (Amy M. Mara of counsel), for respondents Eugene Goldenberg and Universal Steeplejack Master Rigger, LLC, and Seidemann & Mermelstein, Brooklyn, NY (Laurie E. Mermelstein of counsel), for respondent Seth Eisenberger (one brief filed).



DECISION & ORDER
In an action, inter alia, to set aside an alleged fraudulent conveyance of real property, the defendants appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated January 4, 2019. The order, insofar as appealed from, granted those branches of the motion of the plaintiff Seth Eisenberger which were for summary judgment on the issue of liability on the second, eighteenth, nineteenth, twentieth, and twenty-first causes of action in the amended complaint insofar as asserted by him, and granted those branches of the separate motion of the plaintiffs Eugene Goldenberg and Universal Steeplejack Master Rigger, LLC, which were for summary judgment on the issue of liability on the eighteenth, nineteenth, twentieth, and twenty-first causes of action in the amended complaint insofar as asserted by them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the plaintiff Seth Eisenberger and those branches of the separate motion of the plaintiffs Eugene Goldenberg and Universal Steeplejack Master Rigger, LLC, which were for summary judgment on the issue of liability on the eighteenth and nineteenth causes of action in the amended complaint insofar as asserted by each of them, and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.
The plaintiffs, Eugene Goldenberg, Seth Eisenberger, and Universal Steeplejack Master Rigger, LLC (hereinafter Master Rigger), commenced this action, inter alia, to set aside an alleged fraudulent conveyance of certain real property. The amended complaint alleged, inter alia, that the defendant Chaim Friedman procured the fraudulent transfer of title to the property to his company, the defendant Brewer Holdings, LLC, in violation of a stipulation of settlement in a bankruptcy proceeding pursuant to which the property was to be sold and the proceeds distributed among Goldenberg, Eisenberger, and Friedman.
The Supreme Court properly determined that Eisenberger, an attorney, was entitled to summary judgment on the issue of liability on the cause of action to recover for his performance of legal services for Friedman in quantum meruit. In the absence of an enforceable written [*2]agreement as to attorney's fees, an attorney is generally "entitled to compensation for the services [he or she] rendered on a quantum meruit basis" (Matter of Philip Irwin Aaron, P.C. v Parisi TTEE Parisi Enters. Inc., Profit Sharing Trust, 240 AD2d 671, 671). Eisenberger established, prima facie, that he provided extensive legal services to Friedman in previous matters with Friedman's consent and cooperation. In opposition, Friedman failed to submit evidence raising a triable issue of fact. Accordingly, Eisenberger was properly awarded summary judgment on the issue of liability on the second cause of action, which sought to recover in quantum meruit for legal services rendered (see Seth Rubenstein, P.C. v Ganea, 41 AD3d 54, 60-64; Matter of Philip Irwin Aaron, P.C. v Parisi TTEE Parisi Enters. Inc., Profit Sharing Trust, 240 AD2d 671), and is entitled to an award of fees calculated in accordance with the requisite relevant factors (see Ragland v Molloy, 185 AD3d 852, 853; Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d 800, 801).
Eisenberger's alternative contention that he is entitled to recover attorney's fees pursuant to a retainer agreement is not properly before this Court, as he has not cross-appealed from that portion of the order denying him that relief (see U.S. Bank N.A. v Dickenson, 176 AD3d 891, 892).
Contrary to the Supreme Court's determination, the plaintiffs did not demonstrate their prima facie entitlement to judgment as a matter of law on the cause of action pursuant to Debtor and Creditor Law § 273 to set aside the alleged fraudulent conveyance of real property, since they did not submit evidence establishing that the conveyance rendered the transferor insolvent. Consequently, they were not entitled to summary judgment on the issue of liability on the nineteenth cause of action (see Swartz v Swartz, 145 AD3d 818, 828; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 39).
Similarly, the plaintiffs did not demonstrate their prima facie entitlement to judgment as a matter of law on the eighteenth cause of action, which sought to set aside the conveyance pursuant to Debtor and Creditor Law former § 273-a (repealed Apr. 4, 2020), as they failed to establish the existence of an unsatisfied judgment against the defendants, which is "an essential element of a cause of action pursuant to Debtor and Creditor Law [former] § 273-a" (Robles v Patel, 165 AD3d 858, 860; see Fischer v Sadov Realty Corp., 34 AD3d 632, 633; Frybergh v Weissman, 145 AD2d 531, 531-532).
However, the Supreme Court correctly granted that branch of the plaintiffs' separate motions which were for summary judgment on the issue of liability on the twentieth cause of action, which sought to set aside the conveyance pursuant to Debtor and Creditor Law former § 276 (repealed Apr. 4, 2020). That statute provided that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (Debtor and Creditor Law former § 276). In determining whether a conveyance was fraudulent, a court must "'consider "badges of fraud[,]" which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent'" (Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386, quoting MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co., 910 F Supp 913, 935 [SD NY]; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 749). The common "badges of fraud" include "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance" (Wall St. Assoc. v Brodsky, 257 AD2d 526, 529; see Boyd v 254 PAS Prop. LLC, 185 AD3d 428, 429).
Here, the plaintiffs are creditors or future creditors of the defendants based on the underlying bankruptcy court stipulation (see Swartz v Swartz, 145 AD3d at 826), and they established, prima facie, that several "badges of fraud" existed in this matter, including inadequate consideration paid for the subject real property (see Debtor and Creditor Law § 272; Matter of BSL Dev. Corp. v Aquabogue Cove Partners, 212 AD2d 694, 695-696). Indeed, the record reveals that Brewer Holdings, LLC, purchased the subject property in a "short sale," whereby it paid [*3]consideration far less than both the outstanding balances of the mortgages on the property and the market value of the property itself, while Friedman, its principal, was fully aware of the plaintiffs' claims to the property and retained the rental income from the property. The defendants did not raise a triable issue of fact in opposition. Under these circumstances, the plaintiffs were entitled to summary judgment on the issue of liability on the cause of action pursuant to Debtor and Creditor Law former § 276 to set aside the conveyance of the subject property (see Machado v A. Canterpass, LLC, 115 AD3d 652, 653-654; Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC, 58 AD3d 694, 696).
Finally, as the plaintiffs were entitled to summary judgment on the issue of liability on the Debtor and Creditor Law former § 276 cause of action, they also established their entitlement to summary judgment on the issue of liability on the twenty-first cause of action, which sought an award of attorney's fees pursuant to Debtor and Creditor Law § 276-a (see 5706 Fifth Ave., LLC v Louzieh, 108 AD3d 589, 591; Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC, 58 AD3d at 696).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court